Prober & Raphael, A Law Corporation
Dean Prober, Esquire, #106207
Lee S. Raphael, Esquire, #180030
Cassandra J. Richey, Esquire #155721
Melissa A. Vermillion, Esquire #241354
Peter J. Solimon, Esquire #269660
Joseph Garibyan, Esquire #271833
Bonni S. Mantovani, Esquire #106353
P.O. Box 4365
Woodland Hills, CA 91365-4365
(818) 227-0100
F.040-2583
Attorneys for Objecting Secured Creditor
U.S. Bank, N.A., successor in interest to the
FDIC as receiver for Downey Savings and
Loan Association, F.A.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Bk. No. 11-52433-ASW-13 |
| ALFREDO P. OCAMPO aka ALFREDO OCAMPO and MARIA CORAZON OCAMPO aka MARIA OCAMPO, | Chapter 13 |
| Debtors. | OBJECTIONS TO PROPOSED CHAPTER 13 PLAN AND CONFIRMATION THEREOF |
| | Confirmation Hearing - Date : May 9, 2011 Time : 1:45 p.m. Place: U.S. Bankruptcy Court 280 South First Street Courtroom 3020, 3rd Floor San Jose, CA |

U.S. Bank, N.A., successor in interest to the FDIC as receiver for Downey Savings and Loan Association, F.A., secured creditor in the above-entitled Bankruptcy

proceeding, its assignees and/or successors in interest, hereby submits the following objections to the confirmation of that certain Chapter 13 Plan (the "Plan") proposed by Debtors:

## LACK OF ADEQUATE FUNDING

The Plan is not adequately funded. 11 U.S.C. §1325(a)(5)(B)(ii) requires full payment of the allowed claim of this objecting Secured Creditor. The Proof of Claim filed by this creditor establishes total pre-petition arrearages in the amount of $13,443.18, not $10,954.86 as provided for in the plan. Accordingly, even if all payments are tendered pursuant to the Plan, they will not be sufficient to satisfy this creditor's claim in full. Thus, the Plan does not provide adequate protection of this creditor's interests as required by 11 U.S.C. §361, and does not meet the "feasibility" requirement of 11 U.S.C. §1325(a)(6).

## IMPERMISSIBLE MODIFICATION

Debtors' proposed Plan attempts to modify Secured Creditor's original Note and Trust Deed, which is in direct violation of §1322(b)(2), which states that a Debtor may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the Debtors' principal residence".

## FAILURE TO PROVIDE FOR INTEREST ON ARREARS

Debtors' plan must provide for interest on Secured Creditor's arrearages, as required by §1322(e), and as provided for in Secured Creditor's "Rider to Promissory Note and Security Instrument."

> "Notwithstanding subsection (b) (2) of this section and sections 506(b) and 1325(a)(5) of this title, if it is proposed in a plan to cure a default, the amount necessary to cure the default, shall be determined <u>in accordance with the underlying agreement</u> and applicable nonbankruptcy law."

<u>§1322(e)</u> (emphasis added).

> "Should any sum due hereunder, including accumulated interest, not be paid in accordance with the terms of the Note, the sums not paid shall bear interest at the same rate as the principal, or 6.0% <u>plus</u> the Bank of America Prime rate as publicly announced by the Bank of America National Trust and Savings Association, a National Association as its

"Referenced Rate", <u>whichever is higher</u>,…" (Emphasis Added)

A true and correct copy of Secured Creditor's "Rider to Promissory Note and Security Instrument" is attached hereto as **"Exhibit A"** and made a part hereof. The contract rate on Secured Creditor's loan is currently 3.00%, and the prime interest rate is currently **3.25%**. Therefore, the proper rate of interest on Secured Creditor's arrearages is the Bank of America Prime Rate plus 6%, or **9.25%**

## CONCLUSION

Any Chapter 13 Plan proposed by Debtors must provide for and eliminate the objections specified above in order to be feasible and to provide adequate protection to this objecting secured creditor. It is respectfully requested that confirmation of the Chapter 13 Plan as proposed by Debtors, be denied.

WHEREFORE, secured creditor prays as follows:

(1) That confirmation of the proposed Chapter 13 Plan be denied.

(2) For attorneys' fees and costs incurred herein.

(3) For such other relief as this Court deems proper.

Dated: April 28, 2011        Prober & Raphael, A Law Corporation

By  /s/ Lee S. Raphael
   LEE S. RAPHAEL, ESQUIRE#180030
Attorney for Secured Creditor
20750 Ventura Boulevard, Suite 100
Woodland Hills, California 91364
(818) 227-0100
F.040-2583

# **SPECIAL NOTICE**

## **THE FOLLOWING NOTICE IS GIVEN TO YOU IN THE EVENT THAT THE FEDERAL FAIR DEBT COLLECTIONS ACT APPLIES TO THIS COMMUNICATION.**

The following statement provides you with notice of certain rights which you may have by law. <u>Nothing in this statement modifies or changes the hearing date or response time specified in the attached documents</u> or your need to take legal action to protect your rights in this matter. No provision of the following statement modifies or removes your need to comply with local rules concerning the attached documents.

## **CONSUMER DISCLOSURE**

This communication is made in an attempt to collect on a debt or judgment and any information obtained will be used for that purpose. Please be advised that if you notify U.S. Bank, N.A., successor in interest to the FDIC as receiver for Downey Savings and Loan Association, F.A.'s attorneys within 30 days that all or a part of your obligation or judgment to U.S. Bank, N.A., successor in interest to the FDIC as receiver for Downey Savings and Loan Association, F.A. is disputed, then U.S. Bank, N.A., successor in interest to the FDIC as receiver for Downey Savings and Loan Association, F.A.'s attorneys will mail to you a written verification of the obligations or judgment and the amounts owed to U.S. Bank, N.A., successor in interest to the FDIC as receiver for Downey Savings and Loan Association, F.A.. In addition and upon your request within 30 days, you will be provided with the name and address of the original creditor, if different from the current creditor.